COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-07-442-CR

 

 

MICHAEL Q. MAYS                                                              APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                STATE

                                                                                                        

                                              ------------

        FROM CRIMINAL DISTRICT COURT NO. 4 OF
TARRANT COUNTY

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

Michael
Q. Mays attempts to appeal his conviction for possession of a controlled
substance, cocaine, in the amount of less than one gram.  We have considered his AMotion
to Extend Time to File Notice of Appeal.@  We deny appellant=s motion
and dismiss the appeal for want of jurisdiction.








Pursuant
to rule 26.2 of the rules of appellate procedure, a notice of appeal must be
filed within thirty days after the date sentence is imposed, or within ninety
days after the date sentence is imposed if the defendant files a timely motion
for new trial.[2]  A jury found appellant guilty, and on August
29, 2007, the trial court sentenced him to thirteen months in state jail.  Appellant filed a motion for new trial; thus,
his notice of appeal was due on November 27, 2007.  Appellant, however, filed his notice of
appeal on November 30, 2007.  

Further,
a timely motion to extend time for filing a notice of appeal would have been
due within fifteen days of November 27, 2007, or on December 12, 2007.[3]  Appellant=s motion
to extend time to file notice of appeal was not filed until January 9, 2008. 

In
appellant=s motion, counsel alleges that
the late filing of the notice of appeal was unintentional, was not appellant=s fault,
and was caused by miscounting the days from the imposition of the
sentence.  Counsel further alleges that
he did not discover that the notice of appeal was untimely until our December
31, 2007 letter informing him that we were concerned that we lacked
jurisdiction.  He requests that we
suspend the rules of appellate procedure pursuant to rules 2 and 26.3 to allow
the late filing of appellant=s notice
of appeal. 








A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction.[4]  While we sympathize with counsel=s
miscalculation of the appellate timetable, we may not suspend the rules of
appellate procedure pursuant to rule 2 to extend the time for perfecting an
appeal.[5]  Without a timely filed notice of appeal or a
timely filed motion for extension of time, we lack jurisdiction over the appeal
and may take no action other than to dismiss the appeal.[6]      

Accordingly,
we deny appellant=s AMotion
to Extend Time to File Notice of Appeal@ and
dismiss the appeal for want of jurisdiction.[7]

 

PER CURIAM

 

PANEL 
D:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
March 27, 2008











    [1]See
Tex. R. App. P. 47.4.





    [2]Tex. R. App. P. 26.2(a)(1)B(2).





    [3]Tex. R. App. P. 26.3.





    [4]Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 





    [5]Id.;
Olivo v. State, 918 S.W.2d 519, 522B23 (Tex. Crim. App. 1996).





    [6]Slaton,
981 S.W.2d at 210; Olivo, 918 S.W.2d at 522B23.





    [7]See
Tex. R. App. P. 26.2(a), 43.2(f).